# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JULIUS MAURICE VAUGHN, | Case No. 1:21-cv-1786 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge David A. Ruiz |
| SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS, | |
| Defendant. | |

## OPINION AND ORDER

*Pro se* Plaintiff Julius Maurice Vaughn filed suit Secretary of the Department of Veterans Affairs Denis R. McDonough, seeking relief for alleged employment "Discrimination based on sex male (none sexual) in violation of current Federal laws and Statu[t]es." (ECF No. 1, PageID #2.)

Plaintiff alleges that "[t]he Department of Veterans Affairs through its Management, Managers, Supervisors, Agents, Agency and Staff created a Hostile work environment" and "had a campaign of intimidation" against him and that he was retaliated against after he filed an EEO Complaint. (*Id.*) He alleges the Department of Veterans Affairs "did nothing to put a stop to the Demeaning Vindictive onslaught of attacks" against him, "violate[d] the spirit of the Law with Retribution, Harassment, Retaliation and Reprisal when [he] went to the Office of Resolution Management to try [to] resolve issues that [he] had with Management," and "created a Hostile work environment through a false narrative of write up,

falsehoods, innuendoes, mistruths, and outright lies." (*Id.*, PageID #2–3.) Asserting that he was "forced to retire early by [his] employer and caused to take an early retirement penalty," he seeks damages and other relief, including eight years of full pay and benefits that he could have achieved for the full retirement against of sixty-seven. (*Id.*, PageID #3.)

With his complaint, Plaintiff filed a motion to proceed *in forma pauperis*. (ECF No. 2.) That motion is **GRANTED**. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute requires district courts to screen all *in forma pauperis* complaints filed in federal court and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

## STANDARD OF REVIEW

The standard for evaluating a motion to dismiss under Rule 12(b)(6) applies in determining whether a complaint states a claim under Section 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), applies in evaluating a *pro se* complaint under Section 1915(e)(2)(B)). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471 (citing *Iqbal*, 556 U.S. at 678). Although the plausibility standard is not equivalent to a "'probability requirement,'. . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 556). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

Further, although pleadings and documents filed by *pro se* litigants are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 93, 94 (2007), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 579–80 (6th Cir. 2001); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## DISCUSSION

Upon review, the Court finds that Plaintiff's complaint must be dismissed in accordance with Section 1915(e)(2)(B) because, even liberally construed, it does not contain allegations sufficient to state a plausible claim for federal employment discrimination.

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e-2(a)(1). To establish a prima

3

facie case of sex discrimination under Title VII, a plaintiff must show that he (1) is a member of a protected class, (2) was subject to an adverse employment decision, (3) was qualified for the position, and (4) was treated differently than a similarly situated individual outside the protected class. *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 762 (6th Cir. 2006).

A plaintiff may also establish a violation of Title VII by proving that discrimination based on sex created a hostile or abusive work environment. *Williams v. General Motors Corp.*, 187 F.3d 553, 560 (6th Cir. 1999). "Discrimination in this form occurs [w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (internal citation and quotation omitted). To establish a hostile work environment sexual harassment claim, a plaintiff must show that (1) he is a member of a protected class, (2) was subject to unwelcome sexual harassment, (3) the harassment complained of was based on sex, (4) the alleged harassment created a hostile work environment, and (5) the existence of vicarious employer liability. *Vickers*, 453 F.3d at 762.

Plaintiff has not alleged facts sufficient to demonstrate the required elements of either kind of Title VII employment discrimination claim. Although Plaintiff alleges in conclusory terms that he was mistreated, harassed, falsely written-up, and subjected to a hostile work environment that forced him to retire early from his employment, he has not alleged facts in his complaint supporting his conclusory allegations of mistreatment or giving rise to a plausible inference that any

4

mistreatment he alleges was taken against him was based on or because of his sex (or any other characteristic protected by Title VII). A complaint is properly dismissed for failure to state a claim under Section 1915(e)(2)(B) where, as here, it "fail[s] to provide any support" for an allegation that a defendant unlawfully discriminated on the basis of a characteristic protected by Title VII. *Tucker v. Victor Gelb, Inc.*, No. 98-4070, 1999 WL 801544, at *1 (6th Cir. Sept. 28, 1999). "Conclusory allegations of discrimination are insufficient to state a Title VII claim." *Id.* ("A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012)).

Plaintiff's complaint likewise fails to state a plausible claim under Title VII's retaliation provision, which it makes it unlawful for an employer to discriminate against an employee "because [the employee] has opposed any practice made an unlawful employment practice by [Title VII]." *Kirkland v. James*, 657 F. App'x 580, 584 (6th Cir. 2016).

To establish a prima facie claim of Title VII retaliation, a plaintiff must show that (1) he engaged in activity protected by Title VII, (2) this exercise of protected rights was known to the defendant, (3) the defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor, and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. *Hunter v. Secretary of U.S. Army*, 565 F.3d 986, 996 (6th Cir. 2009).

Plaintiff's complaint indicates he engaged in activity protected by Title VII by filing an EEO complaint. He alleges that harassment against him intensified after he did so, but he has not alleged specific facts in his complaint supporting his conclusory allegations of harassment or of retaliation or demonstrating all of the required elements of a prima facie claim. For example, he has not alleged facts supporting a plausible inference that there was a causal connection between the protected activity and a subsequent adverse employment action or severe or pervasive retaliatory harassment by a supervisor. "Temporal proximity alone . . . cannot establish a causal connection." *Dean-Lis v. McHugh*, 598 F. App'x 412, 415 (6th Cir. 2015) (citation omitted). And in general, "conclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state . . . a claim." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005).

Although, as noted above, a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level" to avoid dismissal. *Twombly*, 550 U.S. at 555. Even liberally construing Plaintiff's complaint, it does not allege facts sufficient to meet this standard.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of this dismissal, Plaintiff's pending motion for a status conference (ECF No. 3) is denied. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: January 12, 2022

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio